# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MYRON OTIS THOMAS                                                  PETITIONER

v.                                                          CIVIL ACTION NO. 3:08-CV-P368-S

DIRECTOR TOM CAMPBELL                                         RESPONDENT

## MEMORANDUM OPINION

Petitioner, Myron Otis Thomas, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1).

According to his habeas petition, on June 30, 2008, Petitioner was sentenced to a term of five years in prison in Jefferson County, Kentucky, for violating probation. He argues that his due-process rights were violated because he was not allowed to confront and cross-examine his accuser; the state court failed to follow proper procedures to provide a just and fair determination; the judgment was not supported by evidence; and the prosecution failed to disclose to Petitioner evidence favorable to him (that the probation officer would be absent from the revocation hearing).

According to his petition, Petitioner has not appealed or sought post-conviction relief in state court. As reason for not appealing or seeking other relief in state court, he states that "the civil violations being attacked can only be through your court."

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); *see also Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). Exhaustion requires that a petitioner provide the state courts with

the opportunity to correct any constitutional violations by invoking "one complete round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id.* at 845. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c); *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, at no time has Petitioner presented any of his challenges to the courts of Kentucky for review. Further, he has not shown the inadequacy or unavailability of the state's remedies. Under Kentucky Rules of Criminal Procedure, it appears that he may seek further appellate review of the circuit court's decision. Even were such an appeal deemed untimely, Kentucky courts have determined that the appellate court, which is to entertain the matter, may grant a right to a belated appeal. *Cleaver v. Commonwealth*, 569 S.W.2d 166, 169 (Ky. 1978) ("A right to a belated appeal, or to reinstate a lapsed appeal, can be granted only by the appellate

court that is to entertain it."). Thus, Petitioner has available remedies to redress his claims.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is

warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
  1024 Capital Center Drive, Frankfort, KY 40601

4411.009